## UNION TRUST CO OF DAYTON et v SIMPSON
## UNION TRUST CO OF DAYTON et v REPUBLIC ASPHALT PAVING CO

Ohio Appeals, 2nd Dist, Montgomery Co

Nos 1191 & 1192. Decided May 26, 1933

John W. Bricker, Attorney General, Columbus, Hubert A. Estabrook, Dayton, Sidney G. Kusworm, Dayton, Norman L. Weisman, and Daniel W. Iddings, Dayton, Special Counsel to Ira J. Fulton, Supt. of Banks of Ohio, in charge of liquidation of The Union Trust Company of Dayton, Ohio. for plaintiffs in error.

Ozias & Ozias, Dayton, and W. S. Rhotehamel, Dayton, for defendants in error.

KUNKLE, J.

The determination of this controversy requires a construction of §§712 and 713 GC.

Sec 712 GC reads as follows:
"Sec 712 GC.  **Charging of check to depositor's account.**
2. In any case where any bank incorporated under the laws of this state or any unincorporated bank doing business in this state, shall have had presented to it for collection and payment a check drawn by a depositor in such bank or unincorporated bank who at the time of the presentation thereof for collection and payment has on deposit a sum equal to the amount of such check, if such bank or unincorporated bank shall charge to the account of such depositor the amount of such check but shall thereafter be closed for business by the superintendent of banks of Ohio or by action of its board of directors or by any other proper legal action before payment shall have been made of such check, the charging of such check to such depositor's account shall constitute an appropriation by such bank or unincorporated bank of the assets of such bank or unincorporated bank to the payment thereof and shall impress such assets with a trust in behalf of the owner of such check and entitle such owner to payment thereof upon liquidation of the assets of such failed bank as a preferred claim."

Sec 713 GC contains substantially the same provisions as §712 GC except that the same relates to a draft instead of a check.

It will be noted that upon the issuing of these respective certified checks by The Union Trust Company that the account of The Republic Asphalt Paving Company was immediately charged with such amounts and the indebtedness of The Union Trust Company to The Republic Asphalt Paving Company was reduced in the amount of such checks.

We have considered the briefs of counsel with care as the case presents an interesting question and counsel agree that insofar as certified checks are concerned, the question has not been passed upon by the courts of Ohio.

We have considered all of the cases cited by counsel for plaintiffs in error in their brief and have given due thought to the construction of §712 GC as contended for by counsel for plaintiffs in error.

We shall not attempt to discuss the authorities generally, as we cannot escape the conclusion, that the reasoning of our Supreme Court in the recent decision in the case of **Fulton, Superintendent of Banks et v The B. R. Baker-Toledo Company,** and **Fulton, Superintendent of Banks v Blodgett,** to be reported in **125 Oh St Reports,** and which decision is published in the issue of October 17, 1932 of the Ohio State Bar Association Reports, is decisive of the question here presented for consideration.

The syllabus of this case is as follows:
"1. It is the intent and meaning of §713, GC, that a check drawn by a depositor against his deposit in any banking institution incorporated under the laws of this state or any unincorporated bank doing business within this state, whether such deposit is in a checking account or a savings account, and used in the purchase from such banking institution of a draft upon another banking institution, shall entitle the owner and holder of such draft to preference and priority of payment out of the assets of such bank, from the time such check is charged to the account of such depositor.

2. The validity of such preference is unaffected by the purpose for which the draft is used.

3. Sec 713 GC, as thus construed, does not violate any of the provisions of the constitutions of the United States or of the State of Ohio."

Counsel for plaintiffs in error claim that under the provisions of §712 GC the check must have been presented to the bank for collection and payment before a preference can be established or a trust impressed upon the assets of the bank.

It will be noted that by the averments of the petition, the amount of these respective checks was charged to the account of The Republic Asphalt Paving Company the moment the certified checks in question were issued.

The provision of §712 GC in reference to presentation of the check for collection and payment is construed by inference in the recent decision of the Supreme Court above quoted.

On pages 523 and 524 Judge Marshall, in rendering the opinion of the court, among other things, uses the following language: "If the word 'collection' stood alone in the section, it would easily be capable of the interpretation insisted upon by the superintendent of banks. But taken in connection with the word 'payment' it is necessary to give the word 'collection' an exceedingly narrow definition in order to adopt that construction. If the legislative intent had been that which is contended for by the superintendent of banks, the Legislature would have used apt language to express that intent. A careful reading of the entire section must convince that the Legislature used apt language to express the opposite intent. We are of opinion that the language is not ambiguous. The expression 'collection and payment' covers the act of the depositor in obtaining a part of that which is due him from the bank, and also the act of the bank in delivering to the depositor a part of the obligation which the bank owes to him. 'Collection and payment' expresses the process of collection by the depositor and payment by the depositary. Applying that meaning to the expression and the logical construction of the section which follows from that definition, the section covers every instance where a draft is purchased by a depositor by issuing and delivering to the bank a check against his own account, whether in the checking account, or a savings acocunt. It is the spirit of the statute that, when the check drawn by the depositor shall be **actually** charged to the account of such depositor, the draft drawn by the bank upon its funds in its depositary shall be **constructively** charged against its deposit. * * *

"It is the declared purpose of the statute,

as expressed in its title (112 Ohio Laws, 238), to 'expedite and simplify the payment of checks.' This purpose is plainly promoted by providing in effect that when the check is **actually** charged, the draft shall be **deemed** to be charged, and the entire transaction as to all parties made immediately effective. In other words, the transaction is regarded as though executed by telegram or telephone, and time and space did not intervene. This must have been the legislative intent."

From the facts disclosed by the respective petitions and the reasoning as found in the recent decision of our Supreme Court above quoted, we are of opinion that the judgment in each of the above cases should be affirmed.

HORNBECK, PJ, and BARNES, J, concur.